```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KEVIN FUREY                     :    CIVIL ACTION
                                :
          v.                    :
                                :
CARL BINDER, et al.             :    NO. 09-3204
```

MEMORANDUM

McLaughlin, J.                                    August 24, 2009


       This action is brought by plaintiff Kevin Furey, a former Temple University student, alleging that his civil rights were violated when he was arrested and allegedly beaten on April 5, 2008.[1]  The defendants in this suit are two Temple University police officers, Officers Binder and Harvey; one off-duty Philadelphia police officer, Officer Robinson; and two private citizens, Douglas Segars and Colin Anderson, all of whom are alleged to have been participants in the alleged assault upon the plaintiff and to have aided in the plaintiff's subsequent arrest by Philadelphia Police Officer Travis Wolfe, who is not named as a defendant.  The plaintiff brings claims against all defendants under 28 U.S.C. § 1983 and state law.

       This suit was initially brought in the Court of Common Pleas of Philadelphia County and removed to this Court by a

---

[1] The plaintiff has also filed a related suit in this Court challenging the subsequent decision of Temple University to expel him because of his arrest.

Notice of Removal filed by defendants Binder and Harvey (the "removing defendants").  The plaintiff now moves to remand on the ground that the other defendants did not timely consent to the removal.  The Court will grant the motion and remand this case to state court.  Because the case will be remanded, the Court will deny as moot defendant Segars' pending motion to dismiss.

This action was begun through a summons, filed in the Philadelphia Court of Common Pleas on May 1, 2009.  All five defendants were named in the summons.  The state court dockets show that the plaintiff filed an affidavit of service upon defendants Robinson and Segars on May 8, 2009, and that counsel for those two defendants entered their appearances on May 7 and May 13, 2009, respectively.  Counsel for jointly-represented defendants Binder and Harvey entered his appearance on June 16, 2009.

On July 2, 2009, the plaintiff filed his complaint, which was served through the state court's electronic filing system upon those counsel who had entered their appearance: counsel for Binder, Harvey, Robinson and Segars.  On July 20, 2009, counsel for Binder and Harvey filed a notice of removal.  The notice was filed only on behalf of the removing defendants and did not state whether any of the other defendants (Segars, Robinson or Anderson) consented to removal or whether any of these other defendants had been served.  The plaintiff filed his

motion to remand on August 7, 2009.  On the same day, defendants Binder and Harvey filed an Amended Notice of Removal attaching written consents to removal from Segars and Robinson and stating that defendant Anderson had not yet been served.[2]

The plaintiff moves to remand on the ground that defendants Segars, Robinson, and Anderson did not join in the removal of this action within thirty days of their being served with the complaint.  The removal statute, 28 U.S.C. § 1446(a), requires that the "defendant or defendants" seeking to remove a case shall file a notice of removal.  This notice must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b).

The language of § 1446(a) has been interpreted to require that all defendants must ordinarily join in a notice of removal.  <u>Balazik v. County of Dauphin</u>, 44 F.3d 209, 213 (3d Cir. 1995); <u>Lewis v. Rego Co.</u>, 757 F.2d 66, 68 (3d Cir. 1985).  Defendants need not join a notice of removal if they are unknown

---

[2]  The docket entry for the August 7, 2009, filing of the Amended Notice of Removal states that it was "filed in error – attorney to file a hard copy."  A substantively identical copy of the Amended Notice of Removal was filed by Binder and Harvey on August 11, 2009.  For purposes of deciding this motion to remand, it does not matter whether the amended notice was filed August 7 or August 11, 2009, and the Court will therefore consider the amended notice to have been filed on the earlier date.

or nominal parties, if they are fraudulently joined, or if they have not been served at the time the notice of removal is filed. Balazik at 213 n.4.  The failure of all known, properly joined and served defendants to join a notice of removal is a "defect" in removal procedure that warrants remand upon a timely motion under 28 U.S.C. § 1447(c).  Balazik at 213.

In their response to the motion to remand, the removing defendants state that defendant Anderson had not been served as of July 20, 2009, when they filed their notice of removal.  This is confirmed by the state court docket which shows no proof of service filed as to defendant Anderson.  Because Anderson had not yet been served when the removal notice was filed, his failure to join in the notice does not affect the validity of the removal.

The removing defendants concede, however, that defendants Segar and Robinson had been properly served by July 20, 2009, and were required to consent to the removal.  The removing defendants do not dispute that Segars and Robinson were served with the plaintiff's complaint on July 2, 2009, and they concede that the thirty-day period for Segars and Robinson to consent to the removal expired August 3, 2009.[3]  Written consents

---

[3]     Because the removing defendants, Binder and Harvey, and the two defendants whose consent is at issue, Segars and Robinson, were all served with the complaint on the same day, the thirty-day deadline is the same for all four defendants.  Where defendants are served at different times, federal courts have divided over whether each defendant gets a separate 30-day clock to file, or consent to, a notice of removal or whether there is

4

by Segars and Robinson were not filed in support of the removal until August 7, 2009, at the earliest.

The removing defendants attempt to excuse their failure to file Segars and Robinson's consents within the thirty-day deadline by asserting that counsel for Segars and Robinson had expressed their consent to removal to the removing defendants before the deadline passed, but that the written consents were not timely received, in part, because of an "email malfunction." The removing defendants argue that the failure to comply with the procedures in the removal statute was therefore "purely technical and not substantive and should not be held against the Defendants." They also argue that remand should be denied in the interest of efficiency because the case presents issues of federal law and because the case is related to, and will involve the similar issues as, the plaintiff's pending federal law suit concerning his expulsion.

---

only one 30-day period for removal triggered when the first defendant is served. See Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1205-06 (11th Cir. 2008) (describing a circuit split with the United States Courts of Appeal for the Sixth, Eighth and Eleventh Circuits adopting the "separate clock" or "last filed" rule and United States Courts of Appeal for the Fifth and Fourth Circuits adopting the "single clock" or "first filed" rule). Although the United States Courts of Appeal for the Third Circuit has not yet addressed the issue, district courts in this circuit have consistently adopted the "last filed" rule. See e.g., DiLoreto v. Costigan, 2008 WL 4072813 (E.D. Pa. Aug 29, 2008); Tellado v. Roto-Die, Inc., 2005 WL 724094 (E.D. Pa. March 29, 2005).

The removing defendants' arguments are misplaced. Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand. Brown v. Jevic, 2009 WL 2342731 at *2 (3d Cir. July 31, 2009). It has been long established that the thirty-day period for removal is mandatory and that courts are without authority to expand it. See DiLoreto v. Costigan, 2008 WL 4072813 (E.D. Pa. Aug 29, 2008) (citing Collins v. Am. Red Cross, 724 F. Supp. 353, 359 (E.D. Pa. 1989). Courts in this district have consistently held that, to constitute valid consent to removal, there must be a timely-filed written document from each served defendant expressing that consent. See, e.g, Vigilante v. Statharos, 2008 WL 4185837 at *3 (E.D. Pa. September 10, 2008); Sovereign Bank v. Park Development West, LLC, 2006 WL 2433465 at *2 (E.D. Pa. August 17, 2006) (collecting cases). Because the consents from defendants Segars and Robinson were not filed until more than 30 days after they were served with the plaintiff's complaint, their consents are untimely. Because not all defendants who had been served timely joined in the notice of removal, the removal was defective. This case will therefore be remanded pursuant to 28 U.S.C. § 1447(c).

The plaintiff has requested, in the event that the case is remanded, that he be awarded counsel fees in the amount of $750.00 for the time spent in preparing and filing the notice of removal. The Court will deny the request for fees. Although the

notice of removal was procedurally defective, the removing defendants attempted to remedy this defect by subsequently filing the required written consents.  Although the filing of these consents came too late to salvage the removal, and although the Court rejected the removing defendants' arguments that their late filing should be excused, the removing defendants' actions were not sufficiently frivolous or baseless to justify an award of fees.

       An appropriate Order will be issued separately.